**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Lasmer Industries, Inc., et al.

      Plaintiffs,

    v.                       Case No. 2:08-cv-0286
                                JUDGE GRAHAM
Defense Supply Center
Columbus, et al.             MAGISTRATE JUDGE KING

      Defendants.

OPINION AND ORDER

Plaintiffs Lasmer Industries, Inc., Charles Hickey, Jr., Doris Evelyn Hickey, Larry Howard, William Hickey, Harry (H.M.) Cooper, and James Hickey bring this action alleging that defendants Defense Supply Center Columbus (DSCC), Defense Logistics Agency (DLA), the United States of America, Lt. General Robert T. Dail,[1] Brigadier General Patricia E. McQuistion, M. Susan Chadick, and Karen Spradlin have unlawfully proposed that plaintiffs period of debarment from federal contracting be extended.

Plaintiffs have asked this court to issue a temporary restraining order ("TRO") and preliminary injunction to: maintain the status quo between the parties to the subject contracts; enjoin defendants from canceling, declaring void, or otherwise interfering with the subject contracts until this court examines plaintiffs' claims on the merits; and enjoin enforcement of the January 30, 2008 debarment notice. Plaintiffs have also asked this court to: issue a declaratory judgment declaring the subject contracts valid and enforceable until the contracting agency seeks to invalidate

_____

[1]Defendants point out in their motion to dismiss that plaintiffs incorrectly captioned defendant Dail's name as "Vail."

them; issue a declaratory judgment declaring plaintiffs' right to enter contracts with Government agencies despite the proposed extension of debarment and declaring the January 30, 2008 debarment notice void; and order defendants to strike plaintiffs from the list of excluded persons.  Plaintiffs also request attorneys' fees and costs and any other relief this court deems proper.

Defendants have moved to dismiss the amended complaint, alleging that this court lacks subject matter jurisdiction to hear this dispute, that plaintiffs have failed to state a claim for which relief can be granted, and that venue in this court is improper.  For the following reasons, this court denies plaintiffs' motion for a TRO and grants in part and denies in part defendants' motion to dismiss.  The motion to dismiss is granted in all respects except as to plaintiffs' claim that defendants have violated their right to procedural due process because the regulations do not provide for a timely hearing or decision.  A preliminary and permanent injunction hearing will be scheduled at which time this court will consider whether to enjoin the enforcement of the January 30, 2008 debarment notice based on a violation of plaintiffs' right to due process.


I. <u>REGULATORY BACKGROUND</u>

The dispute before the court involves contracting between a private entity and the government.  The law governing such contracting is set forth in the Code of Federal Regulations. Before awarding a government contract to a civilian company, a government-contracting officer is required to determine whether or not the contractor is "responsible." 48 C.F.R. 9.103(a). "Debarment" is a process through which certain government agencies may declare that

a government contractor is presumed not to be responsible. The Federal Acquisition Regulations ("FAR"), 48 C.F.R. Part 9.4, prescribe the policies and procedures governing debarment of contractors.

The regulations lay out the causes for which a debarring official may impose debarment.  48 C.F.R. 9.406-2. Contractors debarred, suspended, or even *proposed* for debarment are excluded from receiving contracts and agencies shall not solicit offers from, award contracts to, or consent to subcontracts with these contractors unless the agency head determines there is a compelling reason for such an action.  48 C.F.R. 9.405(a).

Contractors debarred, suspended, or proposed for debarment are listed on the General Services Administration's List of Parties Excluded from Federal Procurement or Nonprocurement Programs (otherwise known as the Excluded Parties List System or "EPLS"). See 48 C.F.R. 9.405(b); 9.404(a)(1) and (d).

Upon issuance of a notice of proposed debarment, the agency must follow a detailed process to determine whether or not the contractor will be debarred. 48 C.F.R. 9.406-3.  Within 30 days of receipt of notice of proposed debarment the contractor may submit information and argument in opposition, including additional specific information that raises a genuine dispute over material facts.  48 C.F.R. 9.406-3(c)(4). In actions which are not based on conviction or judgment or where the contractor's submissions raise a genuine dispute over material facts, the agency must afford the contractor an opportunity to appear with counsel, submit documentary evidence, present witnesses, and confront any person the agency presents. 48 C.F.R. 9.406-3(b)(2)(i). Where these hearings are necessary, the debarring official's decision shall be

made after conclusion of the proceedings with respect to the facts and the contractor shall be given "prompt" notice.   48 C.F.R. 9.406-3(d)(2)(iii) and (e). The debarring official may extend the debarment for an additional period, if that official determines that an extension is necessary to protect the government's interest.   48 C.F.R. 9.406-4(b).


II.   <u>FACTS</u>

Plaintiffs, Lasmer Industries and various officers or managers of the Company, (collectively "Lasmer") are in the business of manufacturing component parts for use in High Mobility Multi-Purpose Wheeled Vehicles (known as "HUM-Vs").   DSCC is a field agency and inventory control point of the DLA.   DLA is an agency of the Department of Defense. DSCC has its principal place of business in Columbus, Ohio.

In January 2005 the DSCC recommended to the DLA the debarment of Lasmer from government contracting based upon its shipment of nonconforming parts on various government contracts.   On February 7, 2005, Lasmer received the notice of proposed debarment from the DLA.[2] As soon as this 2005 notice was issued, and in accordance with the regulations, Lasmer was placed in the EPLS. After a hearing which took seven months to conclude, Lasmer was debarred from receiving government contracts for a period of three years,

_____

[2]Lasmer alleges that the 2005 notice was not sent until February 4 and not received until February 7.  As a result, they argue they should not have been debarred as of February 1, the date of the letter. As this opinion details, this court has no jurisdiction to determine the validity of factual disputes concerning the 2005 debarment.

4

from February 1, 2005, until January 31, 2008, for delivery of nonconforming parts on government contracts.

Throughout their period of debarment, Lasmer continued to contract with various government agencies. In January 2008, contracting officer Karen Spradlin recommended to the DLA that it extend Lasmer's period of debarment because it continued to do business with the government. On January 30, 2008, M. Susan Chadick of the DLA notified Lasmer that its period of debarment was being proposed for extension. The January 2008 "Notice of Proposed Extension of Debarment" and "Memorandum Concerning the Proposed Debarment" (collectively "the Notice") alleged that Lasmer's conduct in performing various contracts with the government during its period of debarment "constitute[d] seriously improper conduct and demonstrate[d] a lack of business integrity or business honesty that seriously and directly affects [Lasmer's] present responsibility" as a Government contractor, providing "cause for an extension of [the] debarment."[3]

The Notice also stated the legal basis for the proposed debarment was FAR 9.406-2(a)(5) and (c) and advised Lasmer of its right to submit information and argument in opposition to the proposed debarment. On February 5, 2008, the administrative record was mailed to Lasmer. Under the FAR, a contractor has thirty days

---

[3]The court can consider the content of the Notice even though it was not attached to the complaint when addressing defendants motion to dismiss for failure to state a claim. The Notice is specifically referenced in the complaint and is integral to Lasmer's claims. See Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997) (court may consider on a motion to dismiss documents that are referred to in the plaintiffs complaint and central to her claim). Moreover, neither party disputes the content of the Notice, and indeed both sides have attached it to their briefs.

to respond to the notice of proposed debarment. 48 C.F.R. 9.406-3(c)(4). Lasmer requested and was granted an extension of time.

On March 19, 2008, Lasmer submitted a response to the DLA objecting to the proposed extension, outlining those facts disputed by Lasmer, and requesting a hearing on all disputed questions of fact. The response requested additional documentation, a list of witnesses, a summary of expected testimony from each witness including citations to the written report relied on to support such testimony, a copy of the return receipt for the Notice of Proposed Debarment, and copies of all materials or statements submitted in support of the extension.

On March 25, 2008, Lasmer initiated the instant action and filed a motion for a TRO and preliminary injunction. On April 4, 2008, defendants filed a motion to dismiss for lack of subject matter jurisdiction and/or improper venue. In response to defendants' motion to dismiss, Lasmer filed the amended complaint on April 7, 2008.

On April 11, 2008, Lasmer's counsel sent a letter to general counsel for the DLA submitting a "Motion to Resolve Debarment Immediately as a Matter of Law." On April 16, 2008, Lasmer's counsel requested the debarring official decide on the inclusion of certain contracts as part of the grounds for the extension of debarment within three days of receipt of the letter. On April 22, 2008, defendants' counsel offered Lasmer's counsel the opportunity to present additional information and argument to the debarring official and an opportunity to meet in person. On May 7, 2008 Lasmer's counsel submitted a letter to Ms. Chadick at the DLA further outlining its position. As of the date of the parties last notice to this court, the in-person meeting had not yet been set.

6

In the amended complaint, Lasmer argues that defendants improperly issued the Notice because neither the law nor the regulations require Lasmer to notify government agencies that they are on the debarred list when entering into government contracts under a certain amount. Lasmer further alleges neither the regulations nor the original 2005 notice placed an obligation on it to notify the government that it was in the EPLS and thus, its debarment is being improperly extended.[4]  In response, the defendants take the position that under 48 C.F.R. 9.405(a),[5] a contractor is prevented from entering into a contract with a government agency while it is on the debarred list absent a compelling reason.

In its amended complaint, Lasmer claims that the Notice was improperly issued, that the DLA had no authority to issue the Notice, and that the procedures outlined in the regulations deny it due process. Defendants have filed a motion to dismiss arguing that under Fed. R. Civ. P. 12(b)(1) this court does not have subject matter jurisdiction to entertain this dispute, that under Fed. R. Civ. P. 12(b)(6) plaintiffs have failed to state a claim on which

---

[4]Plaintiffs acknowledge in certain circumstances the contractor does have an affirmative duty to notify the government of their debarred status, but assert they complied when those exceptions were applicable.

[5]48 C.F.R. 9.405(a) states: "Contractors debarred, suspended, or proposed for debarment are excluded from receiving contracts, and agencies shall not solicit offers from, award contracts to, or consent to subcontracts with these contractors, unless the agency head determines that there is a compelling reason for such action (see 9.405-1(b), 9.405-2, 9.406-1(c), 9.407-1(d), and 23.506(e)). Contractors debarred, suspended, or proposed for debarment are also excluded from conducting business with the Government as agents or representatives of other contractors."

relief can be granted, and that venue is not proper in this court. This court will consider each in turn.

III. <u>DISCUSSION</u>

    A.   <u>STANDARD OF REVIEW FOR RULE 12(B)(1)</u>

This matter is before the court on the motion of defendants to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Where a defendant raises the issue of lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. <u>DXL, Inc. v. Kentucky</u>, 381 F.3d 511, 516 (6th Cir. 2004); <u>Moir v. Greater Cleveland Regional Transit Auth.</u>, 895 F.2d 266, 269 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. <u>United States v. Ritchie</u>, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. <u>Ohio Nat'l Life Ins. Co. v. United States</u>, 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. <u>Ritchie</u>, 15 F.3d at 598; <u>Moir</u>, 895 F.2d at 269. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. <u>Nichols v. Muskingum College</u>, 318 F.3d 674, 677 (6th Cir. 2003).

A Rule 12(b)(1) motion, when accompanied by evidentiary

support, is not converted into a motion for summary judgment, and the court is empowered to resolve factual disputes. <u>Moir</u>, 895 F.2d at 269; <u>Rogers v. Stratton Indus., Inc.</u>, 798 F.2d 913, 915 (6th Cir. 1986).  The district court has wide discretion to consider affidavits and documents in resolving disputed jurisdictional facts.  <u>Ohio Nat'l Life Ins.</u>, 922 F.2d at 325.  "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." <u>Golden v. Gorno Bros., Inc.</u>, 410 F.3d 879, 881 (6th Cir. 2005).

Here, defendants are making a facial and factual attack on the amended complaint as they question the sufficiency of the pleadings and the lack of subject matter jurisdiction in fact. Defendants have filed a motion to dismiss the amended complaint because they believe this dispute does not belong in this court because the Notice is not a final agency action reviewable under the Administrative Procedures Act ("APA").

In the complaint, Lasmer alleges subject matter jurisdiction based on 28 U.S.C. § 1331 (general federal question jurisdiction); 28 U.S.C. § 2201 (the declaratory judgment provision); and 28 U.S.C. § 1651 (the All Writs Act).  Plaintiffs contend that review of an agency action is proper under the APA, 5 U.S.C. § 702.

1.   <u>Final Agency Action Under the APA</u>

The APA, 5 U.S.C. §§ 101-913, governs the conduct of federal administrative agencies. The amended complaint alleges that the DLA and the DSCC are agencies of the United States and are covered by the APA.   <u>See</u> 5 U.S.C. § 701(b)(1)(defining the term "agency").

The APA gives persons the general right of judicial review when they are aggrieved by an agency action.  5 U.S.C. § 702. Unless made reviewable by statute, such judicial review is limited to "final agency action."  5 U.S.C. § 704.

In order for agency action to be considered "final" two conditions must be satisfied: "First, the action must mark the 'consummation' of the agency's decision making process- it must not merely be tentative or interlocutory in nature. And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" Bennet v. Spear, 520 U.S. 154, 178, 117 S.Ct. 1154 (1997)(internal citations omitted)(quoting Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp., 333 U.S. 103, 113, 68 S.Ct. 431 (1948) and Port of Boston Marine Terminal Assn. v. Rederiaktiebolaget Transatlantic, 400 U.S. 62, 71, 91 S.Ct. 203 (1970)).  The "core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." Sierra Club v. Slater, 120 F.3d 623, 631 (6th Cir. 1997) (citing Franklin v. Massachusetts, 505 U.S. 788, 797, 112 S. Ct. 2767 (1992)). The finality doctrine must be applied in a "flexible" and "pragmatic way."  Abbott Labs v. Gardner, 387 U.S. 136, 149-150, 87 S. Ct. 1507 (1967)(superceded on other grounds as stated in Lubrizol Corp. v. Train, 547 F.2d 310, FN.22 (6th Cir. 1976)).

Lasmer's complaint alleges that the Notice was improper because: 1) defendants' actions contradict the regulations of the FAR, 48 C.F.R. 9.406 et seq. and prevent full and open competition (Amended Complaint, ¶¶12, 14), 2) defendants exceeded their

10

authority by issuing the Notice (Amended Complaint, ¶11), and 3) issuance of the Notice did not provide the requisite due process under the Fifth Amendment, U.S. Const. Amend. V. (Amended Complaint, ¶13). Each of these issues presents a distinct finality question, and so they will be examined in turn. See Air Brake Systems, Inc. v. Mineta, 357 F.3d 632, 638 (6th Cir. 2004)(interpreting the same opinion letter as final for one issue in the case, but not final for another).

a.  Review of the Notice as Contrary to the FAR or Preventing Competition

The court finds that the Notice is not a final agency action under the APA for purposes of determining whether defendants are acting contrary to the FAR or preventing full and open competition. Under the Bennet test, the Notice is tentative because the legal conclusions contained in it, that Lasmer violated the terms of the original debarment, are subject to change as the administrative procedure moves forward. In this sense, the Notice does not mark the consummation of the agency's decision-making process. If the court were to accept review of the Notice, the next step in the administrative process could very well change the legal consequences of the Notice, rendering review moot.

The Notice does nothing more than present Lasmer with an opportunity to rebut the charges against it through the administrative procedures set up in 48 C.F.R. 9.406-2. See Peter Kiewit Sons' Co. v. U.S. Army Corps of Engineers, 714 F.2d 163, 168 (D.C. Cir. 1983) (holding that a notice of proposed debarment merely served to initiate proceedings to consider whether debarment

11

should be ordered and was not a final agency action). Lasmer and the debarring official are engaged in correspondence regarding the debarment proceeding and Lasmer is continuing to make submissions to her. Lasmer through its attorney submitted a March 19, 2008 letter to the DLA's attorney disputing a number of facts and requesting a hearing based on those disputed facts. Clearly, Lasmer itself wants further administrative proceedings to clarify the factual disputes before a final agency action can issue.

Likewise, the Notice is not an action from which rights or obligations have been determined or from which legal consequences will flow. While it is true that the immediate effect of the Notice is that Lasmer is placed in the EPLS, no final binding decision has been issued. Therefore, the rights and obligations of the parties could still change and are not "determined." The fact that Lasmer may suffer some hardship in the interim does not render the Notice a final order. Adverse economic effects will not transform a non-final agency action into a final one. "Initiating enforcement proceedings against a company . . . may have a devastating effect on the company's business, but that does not make the agency's action final." Air Brake, 357 F.3d at 645.

Lasmer argues in its response brief that the original 2005 Notice of Proposed Debarment was sufficiently final so as to constitute final agency action and thereby provide this court with jurisdiction. This argument is not well taken for it is the 2008 Notice, not the 2005 Notice, that Lasmer challenges in the amended complaint. The issuance of the original 2005 Notice is not before this court. Lasmer even recognizes in its response brief that "plaintiffs do not seek to challenge the factual basis of the

12

original debarment in this case." Pls. Memo. Contra., FN 1. Lasmer's allegation that the 2005 original Notice did not alert it to the fact that it could not continue to contract with government agencies is a dispute to be taken up during the administrative proceedings.

Lasmer's argument that this case presents an appropriate situation for "interlocutory review" of non-final agency action is also not well taken. Lasmer relies on the <u>Leedom</u> exception, which is applicable to the doctrine of exhaustion of administrative remedies, not the doctrine of finality under the APA. <u>See</u> <u>Leedom v. Kyne</u>, 358 U.S. 184, 79 S.Ct. 180 (1958). Under the APA exhaustion of administrative remedies does not apply absent a requirement by statute or agency rule. <u>Darby v. Cisneros</u>, 509 U.S. 137, 153, 113 S.Ct. 2539 (1993). Neither party has argued that a statute or agency rule requires exhaustion in this case.

In sum, because the 2008 Notice is not a final agency action for purpose of reviewing whether or not defendants are acting contrary to the FAR or preventing full and open competition, this court has no authority under the APA to review the Notice for those purposes. Therefore, defendants Motion to Dismiss for lack of subject matter jurisdiction is granted as to these claims. As such, Lasmer's requests for a TRO and preliminary injunction maintaining the status quo between the parties to the subject contracts; enjoining defendants from canceling, declaring void, or otherwise interfering with the subject contracts until this court examines Lasmer's claims on the merits; issuing a declaratory judgment declaring the subject contracts valid and enforceable; issuing a declaratory judgment declaring Lasmer's right to enter

contracts with Government agencies despite the proposed extension and declaring the January 30, 2008 debarment notice void; and ordering defendants to strike Lasmer from the list of excluded persons are denied.

The only remaining issue is whether this Court can enjoin enforcement of the January 30, 2008 debarment notice.

### b. Review of Authority to Issue the Notice

Lasmer objects to the Notice on the grounds that defendants lacked the authority to even issue the Notice. The court finds that the Notice is a final agency action for the purpose of determining whether defendants have authority to issue it. In Air Brake, the Sixth Circuit found that even though an agency opinion may not be sufficiently final for purposes of the opinions contained in it, it can still be considered final for determining whether the agency had the authority to take the action in the first instance. Air Brake Systems, Inc. v. Mineta, 357 F.3d 632, 646 (6th Cir. 2004). "[T]here is nothing tentative or fact dependent about the authority [to take the action]." Id.

Lasmer alleges that defendants' actions exceeded their authority pursuant to the structure of the military, as established in Title 10 of the United States Code. Amended Complaint, ¶11. The issuance of the Notice represents the decision of the debarring official that she had the authority to issue the Notice. Whether or not the debarring official had the authority to issue the Notice is also a "purely legal issue" that would not be "facilitated by further factual development." Air Brake, 357 F.3d at 646-647.

14

Further administrative proceedings will not address whether the debarring official acted outside her power, only whether Lasmer should be properly debarred. Because the Notice is final for purposes of analyzing whether or not the debarring official had authority to issue it, this Court has jurisdiction to examine that claim.

c.   <u>Review of Procedural Due Process Claim</u>

Lasmer's final challenge to the Notice is that Lasmer has been deprived of its right to due process.  The court finds that the Notice is a final agency action for purposes of reviewing whether defendants have violated Lasmer's right to procedural due process because the regulations do not contain a provision for a timely hearing or decision. Defendants argue that this court does not have jurisdiction to hear this issue because the Notice is not a final agency action.

Here, the issuance of the Notice is sufficiently final under the APA for purposes of Lasmer's due process claim that the regulations do not provide a timely hearing or decision. As this court discusses below, Lasmer has presented at least a colorable claim that issuance of the Notice results in a deprivation of a liberty interest.  Thus, issuing the Notice is not "tentative" in terms of a due process violation because upon issuance of the Notice, Lasmer's liberty interest has been jeopardized.

The district court has authority to entertain constitutional questions where further administrative procedures would be futile. <u>Bigelow</u>, 970 F.2d at 158-159. Whether or not the FAR provides

15

procedures that comport with due process is a purely legal issue that is not facilitated by further factual development in the administrative process. "[I]n the case of a procedural due process claim, 'the allegedly infirm process is an injury in itself.'" See Bigelow v. Michigan Dep't of Natural Resources, 970 F.2d 154, 160 (6th Cir. 1992)(quoting Nasierowski Bros. Inv. Co. v. Sterling Heights, 949 F.2d 890, 894 (6th Cir. 1991)(discussing the idea of finality of a due process claim in the context of a federal taking claim). The agency hearing will be conducted solely for the purposes of determining whether or not Lasmer's period of debarment will be extended, not whether the regulations comport with due process. In fact, "[i]t is unrealistic to expect that the [agency] would consider substantial changes in the current administrative review system at the behest of a single [claimant] raising a constitutional challenge in an adjudicatory context." Mathews v. Eldridge, 424 U.S. 319, 330, 96 S.Ct. 893 (1975). Therefore, further administrative proceedings would be futile in terms of Lasmer's constitutional challenge to the text of the regulations.

Moreover, the Supreme Court has stated that a plaintiff is not required to wait for the administrative remedy before bringing suit when "the question of the adequacy of the administrative remedy . . . [is] for all practical purposes identical with the merits of [the plaintiffs'] lawsuit." Barry v. Barchi, 443 U.S. 55, FN.10, 99 S.Ct. 2642 (quoting Gibson v. Berryhill, 411 U.S. 564, 575, 93 S. Ct. 1689 (1973)). Here, Lasmer challenges the constitutional adequacy of the administrative procedure itself; thus, it is not required to wait for the challenged procedure to conclude before bringing suit in the district court.

The court notes, however, that while Lasmer's challenges to the agency procedure outlined in the regulations is sufficiently final for this court to review, its challenges to factual disputes occurring at the agency level are not. In its amended complaint, Lasmer has alleged that the Notice was not reasonably calculated to apprise them of the charges against them. In addition, although not incorporated in its amended complaint, Lasmer makes additional due process allegations in its responsive brief, including that ex parte communications occurred at the 2005 debarment, that the 2005 debarment notice was "back dated," that an April 2008 letter was not mailed in a timely manner, that Ms. Chadick will be a biased adjudicator, and that Lasmer has not yet received all requested administrative information from the DLA in order to prepare for hearing.

Beyond the fact that most of these claims are not mentioned in Lasmer's amended complaint, the court could not consider them in any event because they are not sufficiently final. Claimant's factual allegations regarding how the administrative process is proceeding is not yet fit for a judicial decision because as the administrative proceedings go forward, the agency has an opportunity to cure these alleged defects. They are not purely legal issues, but rather factual disputes taking place at the administrative level. Only Lasmer's allegation that the regulations do not provide a timely hearing or decision is sufficiently final for this court to review because no further agency adjudicatory action will cure this alleged defect.

Even if the court were to consider the Notice sufficiently final as to whether or not it apprised Lasmer of the charges

17

against it, the court would find the notice constitutionally sufficient. The Constitution requires that where there is a deprivation of a constitutional right, there must be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . ." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652 (1950). The Memorandum accompanying the Notice expressly states that Lasmer continued to contract with governmental entities even after being originally debarred. See January 30, 2008 Memorandum Concerning Proposed Debarment, p.2 (stating that special agents of the United States Army Criminal Investigation Command found sales receipts and sales order registers showing sales by Lasmer to the Navy, Air Force, Army, and other governmental entities during the debarment period). The Memorandum then expressly notes that Lasmer's "failure to adhere to the terms of the [original debarment] constitutes seriously improper conduct and demonstrates a lack of business integrity or business honesty that seriously and directly affects its present responsibility while providing a cause for an extension of debarment, pursuant to FAR 9.406-2(a)(5) and (c)." Id. It also details that the individual plaintiffs are being proposed for debarment under FAR 9.406-5(b) and 9.406-2(c) as "associates" and under FAR 9.406-1(b) and 9.406-2(c) as "affiliates" because the individual plaintiffs meet the definitions of those terms under the regulations. Id. at p.3-5. Thus, even if the court were to consider the Notice for purposes of determining whether it apprised Lasmer of the charges against it, it would find that Lasmer has failed to state a claim that the Notice was constitutionally insufficient.

18

Because the Notice is final as to whether defendants had authority to issue it and as to whether Lasmer's right to due process has been violated because the regulations do not provide for a timely hearing and decision, the court can review the Notice for those purposes.

### 2. <u>Standing</u>

Defendants also argue that Lasmer lacks standing to bring these claims under Article III, Section 2 of the Constitution for failure to suffer an injury in fact because plaintiffs contracts with government agencies are still valid. The constitutional minimum of standing requires that the plaintiffs suffer (1) an injury in fact that is concrete and particularized and actual and imminent, (2) that there is a causal connection between the injury and the conduct complained of, and (3) that it be likely as opposed to speculative that the injury will be redressed by a favorable opinion. <u>See Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-561, 112 S.Ct. 2130 (1992).

Here, listing Lasmer in the EPLS is an injury in itself that is directly related to defendants' issuance of the Notice. Should this court find the Notice was issued without authority or that the regulations violate due process, that would redress plaintiffs' alleged injury. Therefore, plaintiffs have met their constitutional standing requirement as to these two claims. Thus, the court must now consider defendants motion to dismiss for failure to state a claim under Rule 12(b)(6).

B.   STANDARD OF REVIEW UNDER RULE 12(B)(6)

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Scheurer v. Rhodes, 416 U.S. 232, 236 (1974); Roth v. Steel Prods v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1982). A motion to dismiss under Rule 12(b)(6) will be granted if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is no insurmountable bar to relief. See generally Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978).

Because a motion under Rule 12(b)(6) is directed solely at the complaint itself, the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. Scheurer, 416 U.S. at 236; Roth Steel Prods., 705 F.2d at 155; See also Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1965 (2007)(Rule 8 "does not impose a probability requirement at the pleading stage"). A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. Weiner v. Klais & Co., Inc. 108 F.3d 86, 88 (6th Cir. 1997). The court is not required to accept as true unwarranted legal conclusions or factual inferences. Morgan v. Church's Fried Chicken, 829 F. 2d 10, 12 (6th Cir. 1987). Though the complaint need not contain detailed factual allegations, the factual allegations must be enough to raise the

20

claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. <u>Bell Atlantic Corp.</u>, 127 S.Ct. at 1964-65; <u>Associated Gen. Contractors of Cal., Inc v. Carpenters</u>, 459 U.S. 519, 526 (1983). A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." <u>Bell Atl. Corp.</u>, 127 S. Ct. at 1964-1965 (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S. Ct. 2932, (1986)).

     1.  <u>Lasmer's Claims That Debarring Official Acted Outside Her Authority</u>

Lasmer has failed to state a claim that the debarring official acted outside of her authority in issuing the Notice. It is undisputed that 48 C.F.R. 9.406-1(a) grants the debarring official the responsibility to determine whether debarment is in the government's best interest. Further, 48 C.F.R. 9.406-3(c) provides, "A notice of proposed debarment shall be issued by the debarring official [to] the contractor . . ." Lasmer has cited no other law or regulation to support a legal claim that the debarring official is exceeding her authority under 48 C.F.R. 9.406.

Instead, Lasmer claims that the DLA has "assert[ed] jurisdiction" over contracts with the Army, Navy, and Air Force in violation of its statutory authority, and cites 10 U.S.C. §§ 3011 (Army), 5001(Navy), and 8011 (Air Force). Those provisions state that each individual agency is separately organized under its own secretary. Lasmer's argument is only that because those agencies are separately organized, the DLA has no authority over the contracts entered into with the Army, Air Force, Navy or any other agency of the Department of Defense.

Lasmer's allegations overstate the effect of the Notice.  The debarring official has made no representations regarding the performance of those agency contracts, but rather, that Lasmer's continued business with the government might be reason to extend Lasmer's debarment period.  In issuing the Notice, the debarring official is making the limited determination that the period of debarment should be extended because Lasmer continued to do business with the government while debarred. The Notice does not serve to invalidate any existing contracts that Lasmer has entered into, nor could it.  FAR 9.405-1(a) specifically states that "agencies may continue contracts . . . in existence at the time the contractor was debarred, suspended, or proposed for debarment. . ." Lasmer has not alleged any affirmative action on the part of the defendants to invalidate any of these contracts.  Therefore, Lasmer has failed to state a claim that the debarring official acted outside of her authority or was "asserting jurisdiction" over these contracts. Defendants' motion to dismiss with respect to that claim is therefore granted.

### 2. Lasmer's Claims Regarding Violation of Procedural Due Process

In its amended complaint, Lasmer states that defendants' actions have violated their due process rights under the Due Process Clause of the Fifth Amendment, U.S. Const. Amend. V. The Due Process Clause, at a minimum, requires that "deprivation of life, liberty, or property by adjudication be preceded by notice and an opportunity for hearing appropriate to the nature of the case." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S. Ct. 652(1950).  Lasmer alleges that it has been deprived

of both a property and a liberty interest and that the procedures
outlined in the regulations do not afford it due process.

### a.   Property or Liberty Interest

In order to succeed on a claim of due process, Lasmer must
show either a constitutionally protected property interest or a
constitutionally protected liberty interest.

Lasmer contends that it has a property interest in the
proceeds of the contracts it has performed, and an expectancy
interest in contracts it has entered into but not performed.
However, the amended complaint does not support a claim that Lasmer
has been deprived of any such property interests.  FAR 9.405-1(a)
specifically allows the government to continue contracts with
contractors who are proposed for debarment if the contracts are in
existence at the time of the proposal for debarment.  The amended
complaint does not allege that defendants have attempted to
invalidate existing contracts or to reclaim monies paid out to
Lasmer on past contracts. Thus, Lasmer's allegation that it will
lose its current contracts is without merit. Lasmer has simply been
placed in the EPLS.  Case law is clear that contractors have no
property interest in the right to bid on future government
contracts.  Transco Security, Inc. v. Freeman, 639 F.2d 318, 321
(6th Cir. 1981).

Lasmer has successfully alleged, however, a deprivation of a
liberty interest.  The Sixth Circuit has held that a contractor's
liberty interest is implicated when denial of a government contract
is based on a charge of fraud or dishonesty.  Id. (holding that
"while the right to bid on government contracts is not a property
interest . . . the bidder's liberty interest is affected when that

denial is based on charges of fraud and dishonesty")(internal citations omitted).

The Notice specifically stated that the reason Lasmer was being debarred was its lack of either "business integrity" or "business honesty." Therefore, the amended complaint states at least a colorable claim that Lasmer's liberty interest has been jeopardized and the court must now examine whether Lasmer has sufficiently alleged constitutionally inadequate process.

b.   <u>Sufficiency of Hearing</u>

The court finds that Lasmer has presented at least a colorable claim that the FAR violates due process on the grounds that the FAR does not provide for a timely hearing.  Lasmer alleges that the regulations "do not specify a time line for completion of the debarment process" and "provide[ ]no mechanism for prompt decision on the merits of the legal arguments."  Amended Compl. ¶¶ 56, 64. Liberally construed, the Complaint alleges that failure to provide such relief violates due process.  Defendants cite <u>Transco</u> to support their argument that the procedures of the FAR comport with the requirements of due process. <u>Transco Security, Inc. v. Freeman</u>, 639 F.2d 318, 324 (6th Cir. 1981). But <u>Transco</u> is distinguishable from the situation here. <u>Transco</u> stands for the proposition that a plaintiff can be deprived of a liberty interest prior to a hearing if they are at least given the opportunity to rebut the charges against them in the initial stages.  <u>Transco</u> does not answer the question of how long the administrative process can go on without a hearing or final decision.  In <u>Transco</u>, a time limitation was built into the regulations. Here, there is no such limitation and plaintiffs allege that the lack of a set time frame violates due

24

process.

In Barry v. Barchi, the statute at issue specified no time frame in which the hearing had to be held and allowed the decision maker up to thirty days after concluding a hearing in which to issue a final order. 443 U.S. 55, 61, 99 S.Ct. 2642 (1979). The court held that a 15-day suspension of a state-issued license without a pre-suspension hearing complied with due process only if plaintiff would be "assured a prompt post-suspension hearing, one that would proceed and be concluded without appreciable delay." Id. at 68. Here, the regulations specify no time frame for a hearing or final decision. Where, as alleged here, administrative remedies carry no assurance that administrative procedures will be concluded without appreciable delay, Lasmer has at least stated a colorable claim that its due process rights have been violated.


C.    Venue

Defendants claim this court does not have proper venue over any remaining claims in this case. Venue is proper in the district court under 28 U.S.C. § 1391(e) because defendant DSCC and its agent Karen Spradlin are located in Columbus, Ohio. See 28 U.S.C. § 1391(e)(providing that in a civil action "in which a defendant is an officer or employee of the United States or any agency thereof," venue is proper in the judicial district in which the defendant resides).

IV. <u>CONCLUSION</u>

Therefore, defendants' motion to dismiss is granted as to all claims except the limited issue of Lasmer's claim that its procedural due process right has been violated because the regulations do not provide for a timely hearing and decision. The court, under the authority of Rule 65(a)(2), will hold a hearing on Lasmer's request for preliminary and permanent injunctive relief to determine whether this court should suspend enforcement of the Notice of Proposed Extension of Debarment because Lasmer's right to due process has been violated.

Accordingly, Lasmer's March 25, 2008 motion for TRO (doc. 4) is denied, and defendants' April 23, 2008 motion to dismiss (doc. 14) is granted in part and denied in part. A hearing will be scheduled on the limited issue of a violation of plaintiffs due process rights related to the timeliness for a hearing and decision.

<u>s/ James L. Graham</u>
JAMES L. GRAHAM
United States District Judge

Date: June 13, 2008